# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN FOULKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-761-JPG |
| | ) |
| ROGER WALKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint (Doc. 17) and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Plaintiff alleges that while in custody in Winnebago County Jail, in the summer of 2006, he

developed some form of skin rash on his face. Jail personnel advised him that once he was in custody of I.D.O.C., he could get the necessary medical treatment. Upon his arrival at Centralia in September, he sought medical treatment for his rash. Over a period of eight months, various medications were prescribed by Defendants Santos to treat this rash, but none were effective. In fact, some of the treatments only made his condition worse. Plaintiff sent grievances to Defendants Walker, Hobrock, Casey, Roberts, Krebs, and Bryan regarding his medical treatment, but he received no response. Eventually Plaintiff was examined by an outside dermatologist, Defendant Nahass, who diagnosed his condition as discoid lupus erythematosus. Plaintiff now asserts that this condition should have been diagnosed properly at an earlier point in time, and that he now bears some disfiguring scars as a result of this misdiagnosis and improper treatment. Thus, he believes that Defendants acted, or failed to act, with deliberate indifference to his medical needs, in violation of his rights under the Eighth Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

In this case, Plaintiff admits that he received regular examinations and treatment for his

condition. Unfortunately, his condition was not properly diagnosed in a timely manner, but an incorrect diagnosis cannot provide a basis for a constitutional claim. Although the Court empathizes with Plaintiff for his plight, he has failed to state a claim upon which relief may be granted regarding the medical treatment for his skin rash.

Plaintiff also alleges that in September and October of 2008, he was subjected to two unjustified disciplinary actions. He also alleges that in June 2008, his state post-conviction motion was denied, but he did not receive notice of that denial and thus was unable to file a timely appeal. He believes that these incidents occurred out of retaliation when he refused to a request to tell Nahass that Plaintiff no longer needed medical treatment from Nahass.

The amended complaint contains no allegations stating which of the numerous defendants were allegedly responsible for these incidents; thus, it would be difficult (if not impossible) for any defendant to file an appropriate response to these allegations. Furthermore, the Seventh Circuit has emphasized that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff wishes to proceed against any defendant with regard to these disciplinary actions or interference with his access to the courts, he must do so in separate lawsuits.

Finally, Plaintiff has included several individuals as defendants in his amended complaint without making any specific allegations against them. In particular, the Court refers to Defendants Feazel, Tippit, Deerhake, and Benton. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the

claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Thus, Plaintiff has failed to state a claim upon which relief may be granted with respect to any of these individuals.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now moot. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: February 6, 2009.**

                                                   s/ J. Phil Gilbert
                                                   **U. S. District Judge**